SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
J. BARRETT MARUM, Cal. Bar No. 228628
MICHAEL M. LAUTER, Cal. Bar No. 246048
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947
E mail    okatz@sheppardmullin.com
             bmarum@sheppardmullin.com
             mlauter@sheppardmullin.com

Proposed Counsel for Debtor,
MedCision, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re:

MedCision, LLC,
  f/k/a BioCision, LLC,

             Debtor.

Case No. 17-31272

Chapter 11

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION OF KYLE EVERETT OF DEVELOPMENT SPECIALISTS, INC., AS ITS CHIEF RESTRUCTURING OFFICER**

Date:   March 22, 2018
Time:  10:00 a.m.
Judge: Hon. Hannah L. Blumenstiel
Place:  450 Golden Gate Avenue
        16th Floor, Courtroom 19
        San Francisco, CA  94102

MedCision, LLC, the debtor and debtor-in-possession in the above captioned chapter 11 case ("MedCision" or the "Debtor"), applies, pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order approving the employment of Kyle Everett of Development Specialists, Inc. ("DSI") as Chief Restructuring Officer ("CRO") of the Debtor, together with such additional DSI employees deemed required by the CRO, pursuant to the terms described in the engagement letter between the Debtor and DSI (the "Engagement Letter"). This application (the "Application") is based on the concurrently filed Declaration of Kyle Everett (the "Everett Declaration"), other relevant papers of record, and upon such further oral and documentary evidence as may be presented in connection with this Application. A true and correct copy of the Engagement Letter is attached to the Everett Declaration.

In support of this Application, the Debtor respectfully represents as follows:

## INTRODUCTION

By the Application, the Debtor seeks the retention of Mr. Everett as its CRO. While the Debtor believes it has the authority to employ an officer, such as a CRO, in the ordinary course, it is seeking Court approval under section 363 of the Bankruptcy Code. While the Debtor is employing Mr. Everett personally as its CRO, any compensation is to be paid to DSI, because DSI is effectively loaning Mr. Everett to the Debtor. Such an arrangement (i.e., where an individual is employed by the Debtor but compensation is paid to another entity) is arguably not ordinary course and may require approval under Section 363 of the Bankruptcy Code.

In addition, while the Debtor is not seeking to retain Mr. Everett as a professional, it has provided below, as supported by the Everett Declaration, the discussion describing the disinterestedness of Mr. Everett and DSI. This discussion is provided to address potential questions, if any, that the U.S. Trustee and other parties in interest in may have in evaluating this Application.

## BACKGROUND

On December 20, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 7 of the Bankruptcy Code. By Order dated February 16, 2018 (the "Conversion Date"), the Debtor's case was converted to chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). By that same order, Kyle Everett of DSI was appointed as CRO of the Debtor on an interim basis, subject to this application for retention under section 363 of the Bankruptcy Code. The Debtor continues to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committee has been appointed by the Office of the United States Trustee.

A detailed discussion of the Debtor's background, capital structure, and the events leading to this bankruptcy filing is set forth in the declaration of Rolf Ehrhardt filed in support of the Debtor's Motion to Convert its Case to Chapter 11 [Docket No. 9-1]. The discussion contained therein is incorporated in this Application as though fully set forth herein.

## RELIEF REQUESTED

The Debtor requests the entry of an order, substantially in the form attached to this Application as Exhibit "A", authorizing it to employ Mr. Everett as the Debtor's CRO in connection with the above-captioned bankruptcy case, effective as of the Conversion Date, pursuant to the terms of the Engagement Letter.

The relief requested is necessary to the successful administration of the bankruptcy case. The Debtor requires the services of an experienced CRO and crisis manager in order to guide the company through a sale process and a successful resolution of this chapter 11 case.

The Debtor has determined that it is in the best interest of its estate to retain an independent CRO for the Debtor. The Debtor believes that the employment of a CRO is necessary for evaluating strategic alternatives, communicating with the Debtor's stakeholders, providing analysis regarding anticipated purchase offers, and making other business decisions for the Debtor.

# QUALIFICATIONS

Mr. Everett is senior managing director of the San Francisco office of Development Specialists, Inc. Prior to joining DSI in 2002, he was a partner in a local insolvency consulting firm. His practice consists of consulting with debtors and creditors in bankruptcy, turnaround and workout assignments and forensic accounting and related analyses and testimony. He has served in numerous fiduciary capacities including state and federal court receiver, chapter 11 and chapter 7 trustee, CRO, assignee for the benefit of creditors, post judgment receiver, examiner, creditors' trust trustee, liquidator and disbursing agent.

Mr. Everett's expertise includes forensic accounting, analysis and evaluation of performance and profitability, development of budgets and forecasts, crisis management and negotiations with creditors and lenders. He has testified as an expert in state court, bankruptcy court and arbitration.

Mr. Everett has worked with clients in a wide range of industries including apparel manufacturing, legal and accounting firms, retail, real estate, timber harvesting, hospitality, health care, restaurants, automobile dealerships, pleasure boat and yacht manufacturers, equipment and furniture manufacturing, outdoor advertising, oil bunkering and health clubs.

Mr. Everett is a California certified public accountant and received his Bachelor of Science degree in Business Administration from California State University Northridge in 1981. He is a member of the American Bankruptcy Institute, California Bankruptcy Forum and is also the past president of both the Bay Area chapter and the state chapter of the California Receivers Forum. He is a member of the American Institute of Certified Public Accountants (AICPA); and the Association of Insolvency & Reorganization Advisors (AIRA).

# SERVICES TO BE RENDERED

Subject to Court approval, Mr. Everett will serve as the CRO for the Debtor, to evaluate and implement strategic and tactical options through a restructuring and sale

process and exercise his business judgment on behalf of the Debtor. The CRO will work with the Debtor's directors, employees and other professionals to do the following on behalf of the Debtor:

a. Determine if the retention of an investment banker is warranted and if so retain them subject to Bankruptcy Court approval and a budget.

b. Determine if the retention of other professionals is warranted and if so, retain them subject to Bankruptcy Court approval and a budget.

c. Develop strategies to improve cash flows and reduce expenses.

d. Identify all potential purchasers of the Company and complete a sale of the Company's assets.

e. Provide reports to the Company's secured lender, creditor constituencies and board of directors.

f. Prepare and file all necessary reports required by the Court and the United States Trustee.

g. Create and comply with budgets.

h. Amend or terminate leases and contracts.

i. Comply (directly or through an investment banker) with due diligence requests from prospective business/asset acquirers.

j. Develop and implement cash management strategies, tactics and processes.

k. Such other matters as may be necessary in connection with this case.

## COMPENSATION

Subject to Court approval as an administrative expense in accordance with section 503 of the Bankruptcy Code, the Debtor and Mr. Everett have agreed to the following proposed compensation and payment:

a. Hourly Fee: The Debtor has agreed to pay the CRO at the rate of $595 per hour subject to a $30,000 monthly rolling maximum on fees billed each month (the "Monthly Cap"). If the CRO incurs fees during any specific month that exceed the Monthly Cap, the amount of such excess fees will be carried over and billed in the

following month(s). If the CRO incurs fees that are less than the Monthly Cap, any unused portion of the Monthly Cap may be added to the Monthly Cap in subsequent months.

In addition, the CRO will be entitled to receive reimbursement for reasonable costs and expenses incurred in connection with this engagement, up to a rolling maximum of $500.00 per month. Such costs and expenses may include, among others, charges for messenger services, overnight deliveries, photocopying, travel expenses, long distance telephone charges, postage and other charges customarily invoiced by consulting firms.

Also, as the CRO, Mr. Everett, and members of DSI involved in this matter, shall be entitled to all indemnities provided to officers of the Debtor pursuant to the Debtor's by-laws and articles of incorporation. Further, Mr. Everett, in his capacity as CRO, and to the extent allowable or available, DSI, will be entitled to coverage under the Debtor's applicable insurance coverage for the benefit of officers of the Debtor.

## GENERAL DISINTERESTEDNESS

Although the Debtor does not propose to retain Mr. Everett under section 327 of the Bankruptcy Code, the CRO has nonetheless performed a computerized conflict check and, to the best of his knowledge and except to the extent disclosed in the Everett Declaration, does not hold any interest adverse to the interests of the Debtor's estate.

Further, by the Everett Declaration, Mr. Everett provides full and complete disclosure in order to demonstrate the satisfaction of all requirements that would be imposed by the Bankruptcy Code and Bankruptcy Rules for employment in this case.

The CRO has agreed not to share with any person or entity any compensation received by it in the Debtor's case, except as among the members, associates, and employees of DSI. Neither DSI, nor any of its principals, employees, agents or affiliates has any connection with the Debtor, it creditors, the United States Trustee, the Bankruptcy Judge or any other party with an actual or potential interest in the bankruptcy case or its attorneys or accountants, except as set forth in the Everett Declaration.

DSI personnel and their family members may have business associations with certain creditors of the Debtor unrelated to the bankruptcy case. The Debtor maintains

SMRH:485271000.2 -5- CRO EMPLOYMENT APPLICATION

Case: 17-31272    Doc# 91    Filed: 02/22/18    Entered: 02/22/18 16:22:07    Page 6 of 14

business relationships with several creditors and other parties. DSI may have advisory or other commercial or professional relationships with such entities or persons completely unrelated to the Debtor or its business affairs. No such relationships are in any way related to the bankruptcy case. Additionally, in the ordinary course of its business, DSI may engage counsel or other professionals in unrelated matters who now represent, or who may in the future represent, the Debtor, creditors, or other interested parties in the bankruptcy case. Currently the following professional relationships exist between members of DSI and other professionals involved or proposed to be involved in this case.

- Diamond McCarthy represents Mr. Everett as the chapter 7 trustee in the matter *In re* Exigen (USA), Inc.; Case No. 13-32281 DM, U.S. Bankruptcy Court Northern District, San Francisco Division;

- Diamond McCarthy represents Mr. Everett in an unrelated receivership; Case No. 8:15-cv-01449-JLS-KESx, U.S. District Court, Central District of California.

- DSI is the financial advisor to Allan Diamond of Diamond McCarthy who is the Chapter 7 Trustee for Howrey, LLP; Case No. U.S. Bankruptcy Court, Northern District, San Francisco Division.

- Diamond McCarthy is special litigation counsel for Appalachian Fuels, LLC Creditors' Trust, where DSI is the Creditors' Trust Trustee; Case No. 09-10343 U. S. Bankruptcy Court Eastern District of Kentucky, Ashland Division.

- Diamond McCarthy is litigation counsel for a related entity of DSI that is the Assignee in an unrelated Assignment for the Benefit of Creditors.

- Diamond McCarthy is special litigation counsel to a member of DSI who was appointed as Liquidation and Lender Trustee for the post confirmation Debtor in the matter of In re Syntax-Brillian Corporation, et al.; Case No. 08-11407 (BLS), U.S. Bankruptcy Court, District of Delaware.

- Diamond McCarthy is special litigation counsel to the Debtor in the matter *In re* Equipment Acquisition Resources, Inc., where a member of DSI is the CRO; Case No. 09-39937; U.S. Bankruptcy Court, Northern District of Illinois, Eastern Division.

- Sheppard Mullin is litigation counsel for a related entity of DSI that is the Assignee in an unrelated Assignment for the Benefit of Creditors.

- Sheppard Mullin is a creditor in and Assignment for the Benefit of Creditors where an affiliate of DSI is the Assignee.

- Sheppard Mullin represents Mr. Everett as Chapter 7 Trustee in the matter of *In re* Pacific Metro, LLC; Case No. 10-55788, U.S. Bankruptcy Court, Northern District of California, San Jose Division.

- The Law Office of Finestone & Hayes represents a related entity of DSI that is the Assignee in an unrelated Assignment for the Benefit of Creditors.

If the CRO discovers additional information that requires disclosure, the CRO will file a supplemental disclosure with the Court.

The CRO has not been retained to assist any entity or person other than the Debtor on matters relating to, or in connection with, the bankruptcy case. If this Court approves the proposed employment of the CRO by the Debtor, the CRO will not accept any engagement or perform any services for any entity or person other than the Debtor in the bankruptcy case. The CRO (and DSI) will, however, continue to provide professional services to, and engage in commercial or professional relationships with, entities or persons that may be creditors of the Debtor or parties in interest in the bankruptcy case, provided, however, that such services do not relate to, or have any direct connection with, the bankruptcy case.

The Debtor does not owe the CRO any amount for services performed or expenses incurred prior to the Petition Date or the Conversion Date and thus the CRO is not a prepetition creditor of either Debtor.

Further, pursuant to Section 1107(b), a professional is not disqualified from employment under Section 327 (referred to by analogy here) on grounds that such professional was employed by a debtor prior to commencement of a bankruptcy proceeding.

Accordingly, although not required for approval of the present engagement, the Debtor believes that Mr. Everett is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code.

## BASIS FOR RELIEF

Section 363 of the Bankruptcy Code provides, in relevant part, that a debtor in possession "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Under applicable case law in this and other circuits, if a debtor's proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable business judgment on part of the debtor, such use should be approved. See In re 240 North Brand Partners, 200 B.R. 653, 659 (B.A.P. 9th Cir. 1996) (citing In re Lionel Corp., 722 F.2d 1063, 1070 (2d Cir. 1983)).

Bankruptcy courts have analyzed the propriety of a debtor's employment of corporate restructuring officers, advisors and professionals under section 363 on numerous occasions and have determined it is an appropriate exercise of the debtor's business judgment to employ a restructuring professional in this manner. See, e.g., In re Colad Group Inc., 324 B.R. 208, 215 (Bankr. W.D.N.Y. 2005); In re PopExpert, Inc., (Case No. 16-30390 HB) (Bankr. N.D. Cal. June 6, 2016); In re NewZoom, Inc., (Case No. 15-31141-HB) (Bankr. N.D. Cal. Jan. 20, 2016); In re Siliken Manufacturing USA, Inc., Case No. 13-00119-CL11 (Bankr. S.D. Cal. Mar. 19, 2013); In re Am. Suzuki Motor Corp., Case No. 8:12-bk-22808-SC (Bankr. C.D. Cal. Dec. 10, 2012); In re Fifth Avenue Partners, LLC, Case No. 8:10-bk-18667-ES (Bankr. C.D. Cal. Aug. 5, 2010); In re Westcliff Med. Labs., Inc., Case No. 10-16743 (Bankr C.D. Cal. June 25, 2010).

Additionally, the Court's general equitable powers codified in section 105(a) of the Bankruptcy Code provide ample authority for the relief requested herein. Section 105(a) of

the Bankruptcy Code empowers the court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title." See 11 U.S.C. § 105(a); see also United States v. Energy Resources Co., 495 U.S. 545, 549 (1990); Rosson v. Fitzgerald (In re Rosson), 545 F.3d 764 (9th Cir. 2008); Martin v. United States (In re Martin), 150 B.R. 43, 47 (Bankr. S.D. Cal. 1993) (noting the Court's "broad" powers under Section 105).

The terms and conditions of the CRO's retention were negotiated by the Debtor and the CRO at arm's length and in good faith. The Debtor submits that the employment of Mr. Everett is a sound exercise of its business judgment and satisfies section 363 of the Bankruptcy Code. The CRO's services are necessary and essential to the Debtor's restructuring efforts. Mr. Everett has extensive experience providing services to distressed companies, including in connection with assisted asset sales. Mr. Everett is qualified for the position for which he is being employed. The Debtor has determined that the terms of the engagement of the CRO are within the range of those for senior executive officers employed with the companies of comparable size, value and reputation. Accordingly, the Debtor's decision to employ the CRO reflects an exercise of the Debtor's sound business judgment.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests this Court enter an Order, substantially in the form attached to hereto as Exhibit "A", approving the retention of Mr. Everett as CRO for the Debtor effective as of the Conversion Date, subject to the terms set forth in this Application, and for such other and further relief as may be just and proper.

Dated: February 22, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ J. Barrett Marum*
ORI KATZ
J. BARRETT MARUM
MICHAEL LAUTER

Proposed Counsel for Debtor, MedCision, LLC

**EXHIBIT A**

SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
ORI KATZ,
Cal. Bar No. 209561
J. BARRETT MARUM,
Cal. Bar No. 228628
MICHAEL M. LAUTER,
Cal. Bar No. 246048
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
E mail: okatz@sheppardmullin.com
         bmarum@sheppardmullin.com
         mlauter@sheppardmullin.com

Proposed Counsel for the Debtor,
MedCision, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>MedCision, LLC<br>   *f/k/a BioCision, LLC*,<br><br>         Debtor. | Chapter 11<br><br>Case No. 17-31272<br><br>**[PROPOSED] ORDER AUTHORIZING THE RETENTION OF KYLE EVERETT OF DEVELOPMENT SPECIALISTS, INC. AS ITS CHIEF RESTRUCTURING OFFICER**<br><br>Hon. Hannah L. Blumenstiel |

The *Application for Entry of order Authorizing the Retention of Kyle Everett of Development Specialists, Inc. As its Chief Restructuring Officer* (the "Application"), filed by debtor and debtor-in-possession, MedCision, LLC (the "Debtor") on February ___, 2018 as Docket No. _____, came before the Court for consideration. Based upon the Court's review of the Application, the declarations and other pleadings filed in support of the Application, and all pleadings and evidence of record in this case.

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED. Capitalized terms not defined in this Order shall have the meanings given to them in the Application.

2. The terms of the Engagement Letter are approved. The Debtor is authorized to employ, as of the Conversion Date, Kyle Everett, as a Chief Restructuring Officer for the Debtor on the terms set forth in the Engagement Letter and in the Application.

** END OF ORDER **

SMRH:485541155.1 -2- [PROPOSED] ORDER AUTHORIZING RETENTION OF KYLE EVERETT

## Court Service List

None.