SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
J. BARRETT MARUM, Cal. Bar No. 228628
MICHAEL M. LAUTER, Cal. Bar No. 246048
MATT KLINGER, Cal. Bar No. 307362
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
E mail        okatz@sheppardmullin.com
              bmarum@sheppardmullin.com
              mlauter@sheppardmullin.com
              mklinger@sheppardmullin.com

Proposed Attorneys for MedCision, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re:

MedCision, LLC,
  *f/k/a BioCision, LLC,*

                    Debtor.

Case No. 17-31272

Chapter 11

**NOTICE OF HEARING ON DEBTOR'S MOTION FOR ORDER (1) AUTHORIZING POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364(C)(1), 364(C)(2), 364(C)(3) AND 364(D)(1); (2) AUTHORIZING THE USE OF CASH COLLATERAL; (3) GRANTING SECURITY INTERESTS AND SUPERPRIORITY CLAIMS; (4) PROVIDING ADEQUATE PROTECTION; (5) MODIFYING THE AUTOMATIC STAY; AND (6) GRANTING RELATED RELIEF**

Date:    March 22, 2018
Time:    10:00 a.m.
Judge:    Hon. Hannah L. Blumenstiel
Place:    450 Golden Gate Avenue
         16th Floor, Courtroom 19
         San Francisco, CA  94102

Case: 17-31272    Doc# 105    Filed: 03/01/18    Entered: 03/01/18 10:27:31    Page 1 of 4

**PLEASE TAKE NOTICE THAT** a hearing (the "Hearing") will be held at **10:00 a.m. on March 22, 2018**, in the courtroom of Judge Hannah Blumenstiel, Courtroom 19, at the United States Bankruptcy Court, located at 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94012, for the Court to consider the *Motion for Order (1) Authorizing Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364(C)(1), 364(C)(2), 364(C)(3) and 364(D)(2); (2) Authorizing the Use of Cash Collateral; (3) Granting Security Interests and Superpriority Claims; (4) Providing Adequate Protection; (5) Modifying the Automatic Stay; and (6) Granting Related Relief; Memorandum of Points and Authorities in Support Thereof* (the "Motion") filed by MedCision, LLC f/k/a BioCision, LLC (the "Debtor") in the above-captioned bankruptcy case on February 22, 2018 as Docket No. 94.

By way of the Motion, the Debtor seeks entry of an order substantially in the form attached to the Motion as **Exhibit A** (the "DIP Order"), granting it authority to (i) obtain post-petition loans, credit, and other financial accommodations (the "DIP Loan") from BroadOak Fund II, LLC and BroadOak Fund III, LLC (collectively, "BroadOak"), substantially in accordance with the terms of the Debtor-In-Possession Loan Agreement ("DIP Loan Agreement")[1] attached to the Motion as **Exhibit B**, (ii) authorizing the Debtor to grant BroadOak superpriority administrative claim status pursuant to Bankruptcy Code section 364(c)(1) in respect of all DIP Obligations (as defined in the Motion), (iii) authorizing the Debtor to use the collateral, including cash collateral, that secures the Debtor's obligations to BroadOak under the Prepetition Notes (as defined Motion), and granting adequate protection as set forth in the Motion; and (iv) modifying the automatic stay to the extent set forth in the Motion.

---

[1]     The Debtor and BroadOak have yet to reach agreement on a final form of the DIP Loan Agreement and the DIP Order.  The Debtor will supplement the Motion with the final version of the DIP Loan Agreement and the final version of the DIP Order at least twenty-one (21) days before the hearing on the Motion to provide the Court, creditors and parties in interest sufficient time to review it prior to the hearing on the Motion.

The Terms of the DIP Loan are summarized as follows:

| Term | Description | Location in Documents |
|---|---|---|
| Borrowing Limits/New Money | $80,000 | DIP Order, pg 2, sec. (iii) and ¶ 1 |
| Interest Rate | 3.25% per annum | DIP Loan Agreement ¶ 2.4 |
| Maturity Date | April 15, 2018, or earlier from closing of sale of Debtor's assets | DIP Loan Agreement, pg. 1, "Maturity Date" definition |
| Use of Proceeds of Postpetition Loan and Cash Collateral | Disbursements pursuant to the Approved Budget (to be filed with the supplement), subject to a variance of no more than 10% on an aggregate, weekly basis, and payment of the Carve-Out | DIP Loan Agreement ¶ 5.8 |
| Security, Priority, and Adequate Protection | Consensual Priming Liens Junior Liens Superpriority Administrative Claims Replacement Liens and Superpriority Administrative Claims to the extent of diminution in value of prepetition collateral. | DIP Order ¶ 4, 5, 6 |
| Carve-Out | (1) Pre-default: allowed and unpaid fees and expenses of estate professionals in accordance with the Approved Budget, plus (2) $50,000 Post-Default Carve-out Cap. | DIP Order ¶ 7 |
| Events of Default | Various events, including: (i) failure to pay under the terms of the DIP Loan Agreement or default any covenant in such agreement, (ii) dismissal or conversion of the bankruptcy case, (iii) entry of an order (a) granting a lien pari passu or senior to that of BroadOak, (b) reversing of vacating the DIP Order, (c) granting relief from stay to a third party, and (d) commencement of a proceeding seeking to invalidate BroadOak's liens | DIP Loan Agreement ¶¶ 7.1(a)-(k) |
| Borrowing Conditions | Borrower unconditionally promises to pay to BroadOak the principal amount of the Loan, together with all accrued and unpaid interest thereon, on the Termination Date (as defined in the DIP Loan Agreement). The Loan may be prepaid in full or in part at any time without penalty. | DIP Loan Agreement ¶ 2.5 |

| Term | Description | Location in Documents |
|---|---|---|
| | Amounts repaid may not be reborrowed. | |

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to Local Bankruptcy Rule 9014, any opposition to the relief requested in the Motion must be filed with the Clerk of the Court and be served on the Debtor's bankruptcy counsel no later than March 15, 2018.

**PLEASE TAKE FURTHER NOTICE THAT** the court may deem the failure of any party in interest to file a timely objection to the Application to constitute consent to the relief requested in the Application.

**PLEASE TAKE FURTHER NOTICE** that if you did not receive a copy of the Application or any related pleadings for any reason and would like to obtain one, please contact Matt Klinger at 415-774-2920, or by email at mklinger@sheppardmullin.com.

Dated:  March 1, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  _____
*/s/ J. Barrett Marum*
ORI KATZ
BARRETT MARUM
MICHAEL LAUTER
MATT KLINGER

Proposed Attorneys for MedCision, LLC