SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
J. BARRETT MARUM, Cal. Bar No. 228628
MICHAEL M. LAUTER, Cal. Bar No. 246048
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947
E mail    okatz@sheppardmullin.com
          bmarum@sheppardmullin.com
          mlauter@sheppardmullin.com

Attorneys for MedCision, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re:

MedCision, LLC,
  f/k/a BioCision, LLC,

                Debtor.

Case No. 17-31272

Chapter 11

**REPLY IN SUPPORT OF DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION OF KYLE EVERETT OF DEVELOPMENT SPECIALISTS, INC., AS ITS CHIEF RESTRUCTURING OFFICER**

Date:  March 22, 2018
Time:  10:00 a.m.
Judge: Hon. Hannah L. Blumenstiel
Place: 450 Golden Gate Avenue
       16th Floor, Courtroom 19
       San Francisco, CA   94102

MedCision, LLC, the debtor and debtor-in-possession in the above captioned chapter 11 case ("MedCision" or the "Debtor"), hereby submits this reply brief in support of its application (the "Application") to retain Kyle Everett as its Chief Restructuring Officer ("CRO") pursuant to sections 105 and 363 of the Bankruptcy Code filed on February 22, 2018 as Docket No. 91. This reply responds in particular to the sole objection filed to the Application, which was submitted by the Office of the United States Trustee on March 15, 2018 as Docket No. 116 (the "UST Objection").

**A.  Responses to the United States Trustee's Questions.**

The U.S. Trustee poses questions in its Objection that seek to clarify the nature of the CRO's role. The Debtor hereby responds to the questions in a question and answer format, as follows:

**Q: What is the purpose of the CRO reporting to the Board?**

A: As described in the engagement letter for the CRO attached to the Declaration of Kyle Everett, the CRO will be the officer acting on behalf of the Debtor in the Bankruptcy Case, managing the sale process that is commencing at this time. This is similar to the situation prior to bankruptcy, in which the Debtor was governed by a single officer carrying the title "Manager." (Suppl. Everett Decl., Exh. A, Operating Agreement, § 7.14(a)). As prior to bankruptcy, the Board exercises its authority over the Debtor indirectly, with the ability to remove that officer serving at its pleasure, in the manner described in the Operating Agreement. (*Id.*) However, as described below, the terms of the CRO's retention require a termination of the CRO to be for cause, unlike the pre-petition manager which could be removed without cause.

**Q: Does the Board, which includes Ehrhardt, retain decision-making (or any) powers? If not, what is its role?**

The Debtor's board of directors does not have a direct ability to approve or disapprove of a particular action of the CRO in the Bankruptcy Case. The Debtor's board has significant knowledge regarding the Debtor's business and assets that the CRO plans

-1-

to utilize during the sale effort and the Bankruptcy Case generally. In addition, the Debtor's board retains the right to seek removal of the CRO with the Court's approval.

**Q: Who is authorized to act for the Debtor if the CRO is appointed – only the CRO?**

In the Bankruptcy Case, subject to Court approval, the CRO would be the sole officer authorized to act on behalf of the Debtor unless and until he were removed as CRO with the Court's approval.

**Q: On what grounds could the CRO be "terminated" and who has authority to petition the Court for removal?**

The engagement letter provides that Court approval must be obtained to remove Mr. Everett from his position as CRO. Plainly implied in this is that the termination must be for cause, or else the requirement of Court approval would be a nullity.

**B.     The Appointment of the CRO is in the Best Interests of Creditors.**

No party has made a motion to appoint a chapter 11 trustee, but if one were made, the Court would need to consider the best interests of creditors in deciding whether to grant the motion. 11 U.S.C. § 1104(a)(2). In addition, in situations where a chapter 11 trustee is appointed, creditors have the ultimate say in the choice of trustee as they may demand an election to be held in which creditors vote for the trustee in the manner set forth in Section 702 of the Bankruptcy Code. 11 U.S.C. § 1104(b).

Here, the CRO was appointed on an interim basis, subject to final approval by the Court on an application to employ the CRO, as part of a resolution of multiple contested motions that was supported by the stakeholders in the case, including Debtor's secured creditors and unsecured creditors, as well as the Debtor and the chapter 7 trustee. In addition, despite the Application being noticed out to all creditors as a motion filed under Section 363(b) of the Code, no creditor or other party other than the U.S. Trustee has objected to the Application. The creditors have thus made their own wishes clear: they support the retention of Mr. Everett as CRO.

The creditors' preference is also sensible in light of the facts of this case. The estate needs to conduct a sale of the Debtor's assets in an expeditious manner in order to maximize their value, and the CRO has begun this process by seeking application to employ an investment banker on March 16, 2018. The post-petition financing arranged by the Debtor's CRO from the Debtor's secured creditor is also provided with an expeditious sale process in mind. Replacing the CRO at this stage would disrupt the sale process and create an impression of disorder and confused authority among interested bidders that may lead them to simply wait the process out and see if they could purchase the assets at a later date from the secured lender.

Further, the Debtor's estate has already incurred administrative expenses of chapter 7 professionals and others prior to conversion, and simply does not need another reboot that will lead to yet another layer of administrative expense and delay, to no apparent practical end.

Finally, the U.S. Trustee has argued that the CRO improperly usurps the process of appointing a chapter 11 trustee, but has cited to no authority suggesting a debtor does not retain its ability to hire officers to represent it during a bankruptcy, as it seeks to do with the retention of the CRO.

**C.  The CRO's Retention and Compensation is Appropriate and Should Be Approved.**

As pointed out in the Application, several courts including this one have reviewed and approved a debtor's retention of a CRO under Section 363(b) as opposed to Section 327. (Application, at pp. 8-9). In order to be transparent and address any concerns about impartiality, the Application detailed the manner in which the CRO is disinterested and provides for the filing of fee applications under Section 503(b) of the Code. But, as an officer of the Debtor as opposed to an estate professional, the standards of Section 327 (re employment) and Section 330 (re payment) simply do not apply. Finally, it is noteworthy that there is no objection to the terms of the proposed retention as being unreasonable.

1  WHEREFORE, for the reasons set forth herein and in the Application, the Debtor
2  requests that the Court approve the Application to retain Kyle Everett as its CRO by
3  entering an order in the form attached to the Application as Exhibit "A."

Dated: March 21, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Michael M. Lauter*
MICHAEL LAUTER

Proposed Counsel for Debtor, MedCision, LLC