| | |
|---|---|
| 1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>A Limited Liability Partnership<br>Including Professional Corporations<br>ORI KATZ, Cal. Bar No. 209561<br>okatz@sheppardmullin.com<br>J. BARRETT MARUM, Cal. Bar No. 228628<br>bmarum@sheppardmullin.com<br>MICHAEL M. LAUTER, Cal. Bar No. 246048<br>mlauter@sheppardmullin.com<br>MATT KLINGER, Cal. Bar No. 307362<br>mklinger@sheppardmullin.com<br>Four Embarcadero Center, 17th Floor<br>San Francisco, California 94111-4109<br>Telephone: 415.434.9100<br>Facsimile: 415.434.3947<br><br>Counsel for the Debtor,<br>MedCision, LLC |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>MedCision, LLC<br>    *f/k/a BioCision, LLC*,<br><br>        Debtor. | Case No. 17-31272<br><br>Chapter 11<br><br>**DECLARATION OF A. KYLE EVERETT IN SUPPORT OF DEBTOR'S MOTION TO APPROVE LITIGATION FUNDING PURSUANT TO 11 U.S.C. 363(B) AND 11 U.S.C. 364**<br><br>Date: July 18, 2019<br>Time: 10:00 a.m.<br>Judge: Hon. Hannah L. Blumenstiel<br>Place: 450 Golden Gate Avenue<br>        16th Floor, Courtroom 19<br>        San Francisco, CA 94102 |

I, A. Kyle Everett, declare:

1. I am a senior managing director of the San Francisco office of Development Specialists, Inc. In that capacity I have substantial experience working with various lenders and other funding sources. I am also the Chief Restructuring Officer of MedCision, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"). Except for those statements made upon information and belief, I have personal knowledge of the matters set forth herein, and could and would testify competently hereto if called as a witness.

2. I make this declaration in support of the *Debtor's Application for Order Authorizing Employment of Bowles & Verna LLP as Special Litigation Counsel to the Debtor* (the "Application"). Unless otherwise defined in this declaration, capitalized terms herein shall have the same meaning given to them in the Application.

3. On December 20, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 7 of the Bankruptcy Code. By Order dated February 16, 2018 (the "Conversion Date"), the Debtor's case was converted to chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

4. On February 16, 20198, I was appointed as the Debtor's chief restructuring officer ("CRO") on an interim basis. On February 22, 2018, the Debtor filed its *Application for Entry of an Order Authorizing the Retention of Kyle Everett of Development Specialists, Inc., as its Chief Restructuring Officer* [Dkt. No. 91] (the "CRO Employment Application"). On March 22, 2018, this Court entered its order approving the CRO Employment Application (Dkt. No. 321) and I have been serving as the Debtor's Chief Restructuring Officer ("CRO") effective as of the Conversion Date.

5. On April 12, 2018, the Debtor filed that certain *Motion to (I) Approve Sale of Substantially All Debtor's Assets Free and Clear of Liens and (II) Provide Related Relief* (Dkt. 155) (the "Sale Motion"). Pursuant to the Sale Motion, the Debtor sought an order approving the sale of certain of the Debtor's assets free and clear of liens, claims encumbrances and other interests. This Court entered an order approving the Sale Motion on May 4, 2018 (Dkt. 175).

-1-

SMRH:4852-6894-9657.1

6. Prior to the Petition Date, the Debtor maintained a directors and officers liability insurance policy (the "D&O" Policy"). I believe there are certain claims against former directors and officers of the Debtor in connection with actions leading up to the bankruptcy filing (the "D&O Claims"). The Debtor has since purchased an extended time period for the reporting of claims for events occurring during the period in which the policy was in effect, which extended deadline is rapidly approaching on June 30, 2019.

7. The Debtor has been searching for contingency fee counsel to represent the estate and prosecute the D&O Claims for over one year. The Debtor discussed the potential representation with several prospects, but Bowles & Verna LLP ("Bowles & Verna") was the only law firm willing to go forward as special litigation counsel to represent the estate in connection with the D&O Claims under the circumstances of this bankruptcy case. On June 5, 2019, the Debtor filed that certain *Application for Order Authorizing Employment of Bowles & Verna LLP as Special Litigation Counsel to the Debtor* (Dkt. 224) ("Employment Application"). On June 10, 2019, the US Trustee filed that opposition to the Employment Application. The Debtor filed a reply to the UST's opposition on June 12, 2019.

8. The estate is likely administratively insolvent at this stage of the case before pursuit of the D&O claims; therefore, although Bowles & Verna has agreed to a contingency fee arrangement, the estate lacks funds to pay the costs and disbursements associated with pursuit of the D&O Claims; therefore, the estate is need of financing to fund such costs and disbursements.

9. I searched for, but was unable to secure, traditional financing for this purpose. However, I was able to secure litigating funding; i.e. funding of the costs of litigation from an entity, Legalist, Inc., who will in turn be entitled to a portion of the eventual litigation recovery.

10. The proposed terms of the litigation funding are:

| Term | Description |
|---|---|
| **Funder** | Legalist, Inc. or any of its affiliates ("Legalist"). |
| **Plaintiff** | Kyle Everett, Chief Restructuring Officer, MedCision, LLC |
| **Defendant** | The officers and directors of MedCision, LLC |
| **Counsel** | Bowles & Verna LLP |
| **Claim** | Any and all claims, actions and/or proceedings relating to or arising from the proposed officer and director litigation, without limitation, any appeals therefrom. |

| Claim | Any and all claims, actions and/or proceedings relating to or arising from the proposed officer and director litigation, without limitation, any appeals therefrom. |
|---|---|
| **Funding Commitment** | A maximum commitment of $100,000, provided to Plaintiff to meet the legal costs and disbursements incurred in connection with the Claim, all as set out in an agreed-upon Budget to be appended to the Litigation Funding Agreement ("LFA"). Funds will be drawn down and held by the Funder to pay invoices addressed to Plaintiff as reasonable costs are incurred, unless otherwise agreed. Plaintiff shall approve all invoices prior to payment by the Funder. Funder shall have no right to question any invoice approved by Plaintiff for payment. |
| **Legalist Repayment and Return** | Legalist is entitled to repayment of any invoices paid pursuant to the LFA ("Funder Costs Amount") plus an additional return ("Funder Recovery Amount") in the amount of $200,000 if repayment occurs via settlement prior to trial and $300,000 if repayment occurs after trial has begun. Legalist's right to repayment of the Funder Costs Amount and Funder Recovery Amount is limited solely to recovery from the Claim Proceeds and otherwise it has no recourse to payment from Plaintiff. |
| **Return Priority** | Legalist is entitled to first priority recovery of the Funder Costs Amount from the proceeds of the Claim, whether by final award, non-appealable judgment, settlement or otherwise. The Funder Recovery Amount shall be entitled to the same priority as Bowles Verna's contingency fee and the two shall be treated pari passu in terms of preference, but at their own respective percentage rates. |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 12th day of June, 2019 San Francisco, California.

_____
A. KYLE EVERETT