Charles P. Maher, State Bar No. 124748
RINCON LAW, LLP
200 California Street, Suite 400
San Francisco, CA 94111
Telephone No.: 415-840-4199
Facsimile No.: 415-680-1712
Email: cmaher@rinconlawllp.com

Chapter 7 Administrative Claimant

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>MEDCISION, LLC<br>*fka* BIOCISION, LLC,<br><br>Debtor. | Case No. 17-31272 HLB<br>Chapter 11<br><br>Date: August 1, 2019<br>Time: 10:00 a.m.<br>Place: 450 Golden Gate Avenue, 16th Floor<br>San Francisco, California 94102<br>Court: Hon. Hannah L. Blumenstiel<br>Courtroom 19 |

**OPPOSITION TO THE DEBTOR'S MOTION
FOR APPROVAL OF LITIGATION FINANCING**

Rincon Law, LLP, a Chapter 7 administrative creditor, files this opposition to the Debtor's motion for approval of litigation financing. Rincon represented the Chapter 7 Trustee.

The Debtor has filed a motion for an order authorizing it to obtain litigation financing from an entity called Legalist, Inc., for the purpose of pursuing claims against directors and officers. The Debtor will be represented by a contingency counsel whose employment has been authorized by the Court already.

The motion is supported by a declaration but without a copy of the actual agreement with Legalist. Rincon has requested a copy of the agreement three times. The Debtor has not provided a copy. The agreement may contain terms that would allay Rincon's concerns; however, Rincon has only the Debtor's moving papers and they cause concern.

The motion states that Legalist will provide a maximum commitment of $100,000 to finance the litigation and in exchange will receive reimbursement of the funds advanced and either (a) a $200,000 extra payment if a recovery on the claims occurs before trial or (b) $300,000 if recovery occurs at, during, or after trial.

The Debtor has not shared its assessment of the value of the claims. Therefore, there is no way to assess the reasonableness of the proposed financing agreement. If the claims are worth millions of dollars, the agreement may make sense even with the proposed windfall payments. If the claims are worth $500,000 or less, the agreement does not make economic sense. If recovery is at or during trial, contingency fee counsel will be entitled to a 40 percent fee and Legalist will be entitled to reimbursement of amounts actually advanced and $300,000. In that circumstance, the estate would not receive anything and might even owe money to Legalist or contingency fee counsel.

Rincon has attempted to obtain a copy of the agreement since shortly after the Debtor's motion was filed. Despite the repeated requests, the Debtor has not shared the agreement which has made this objection necessary. All creditors should be concerned that, if the recovery is relatively small and Legalist advances a small sum of money (e.g., $5,000 or $10,000), it will still be entitled to a $200,000 or $300,000 windfall. Other than Legalist, who would benefit from such an arrangement?

The Debtor has asserted that the claims are covered by the terms of a policy for the directors and officers. The Debtor obtained a tail policy after the case converted from Chapter 7 to Chapter 11. It would be helpful if the Debtor shared with the Court and the creditors a copy of the tail coverage policy.

Finally, the Debtor acknowledges the likely insolvency of the estate but gives no information about how bad the situation is. The Debtor's operating reports omit any disclosure of professional fees incurred during the Chapter 11 case. To the best of Rincon's knowledge, this Debtor has not received an exemption from disclosing professional fees that have been incurred.

/ / /

/ / /

/ / /

Until the agreement, the estimated value of the D&O claims, the tail policy, and the amount of professional fees incurred to date are provided, Rincon requests that the Court decline to grant the Debtor's motion.

DATED: July 17, 2019    RINCON LAW, LLP

By: */s/Charles P. Maher*
Charles P. Maher
Chapter 7 Administrative Claimant