SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
okatz@sheppardmullin.com
J. BARRETT MARUM, Cal. Bar No. 228628
bmarum@sheppardmullin.com
MICHAEL M. LAUTER, Cal. Bar No. 246048
mlauter@sheppardmullin.com
MATT KLINGER, Cal. Bar No. 307362
mklinger@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947

Counsel for the Debtor,
MedCision, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re:

MedCision, LLC
  *f/k/a BioCision, LLC*,

    Debtor.

Case No. 17-31272

Chapter 11

**REPLY IN SUPPORT OF MOTION TO APPROVE LITIGATION FUNDING PURSUANT TO 11 U.S.C. 363(b) AND 11 U.S.C. 364**

Date: August 1, 2019
Time: 10:00 a.m.
Judge: Hon. Hannah L. Blumenstiel
Place: 450 Golden Gate Avenue
       16th Floor, Courtroom 19
       San Francisco, CA 94102

| | |
|---|---|
| 1 | MedCision, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), |
| 2 | hereby files this reply ("Reply") in support of its motion for an order approving litigation funding |
| 3 | pursuant to 11 U.S.C. 363(b) and 11 U.S.C. 364 ("Motion"). This Reply specifically responds to |
| 4 | the Opposition To The Debtor's Motion For Approval Of Litigation Financing (the "Opposition") |
| 5 | filed by creditor Rincon Law, LLP ("Rincon") (Dkt. No. 239). |
| 6 | In the Opposition, Rincon's concerns are that (1) a full copy of the litigation funding |
| 7 | agreement had not been provided to creditors; and (2) the value of the potential claims against the |
| 8 | directors and officers of the Debtor has not been disclosed. |
| 9 | On July 22, 2019, the Debtor filed a supplemental declaration, attaching a full copy of the |
| 10 | litigation funding agreement, thereby addressing Rincon's first concern. As to the value of the |
| 11 | claims, the Debtor and its special litigation counsel are still evaluating the claims and the potential |
| 12 | recoveries. The liability limit on the insurance policy is $2 million. |
| 13 | The Debtor believes this additional information addresses the concerns raised by Rincon. |
| 14 | Again though, the Debtor wants to stress that funding for litigation costs is necessary in order to |
| 15 | pursue the affirmative litigation claims through contingency fee counsel. If the Debtor does not |
| 16 | obtain funding for those costs, it will not be able to pursue the litigation claims. It must be |
| 17 | emphasized that there is no downside here for the estate and its creditors such as Rincon. The |
| 18 | litigation funding and the fees of contingency fee counsel are borne entirely out of the recoveries |
| 19 | from the litigation. Neither the litigation funder nor the contingency fee counsel have recourse to |
| 20 | the Debtor if the litigation recoveries are insufficient. The only possible impact the pursuit of the |
| 21 | affirmative litigation could have on the estate is a positive one. As a result, this Court should |
| 22 | approve the litigation funding laid out in the Motion so that the affirmative litigation can proceed. |

Dated: July 24, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    /s/ Michael Lauter
ORI KATZ
BARRETT MARUM
MICHAEL LAUTER
MATT KLINGER

Counsel for the Debtor,
MedCision, LLC

SMRH:4846-5776-0669.1